**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JACOB CHRISTOPHER COMPTON, | ) | CASE NO. 1:22-cv-00567 |
| Plaintiff, | ) ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| CT CORPORATION SYSTEM, | ) ) | **OPINION AND ORDER** |
| Defendant. | ) | |

**I. Introduction**

Plaintiff Jacob Christopher Compton has filed an *in forma pauperis* complaint against CT Corporation System (CT Corporation). (R. 1). He brings the action under Section 5 of the Federal Trade Commission Act (FTCA) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, and seeks injunctive and monetary relief. (*See id.*, PageID# 1, "Jurisdiction" ¶ 1).

In his brief complaint, Compton alleges that he "received a notice in the mail of an attempt to collect a debt, from Convergent Outsourcing Inc., which the defendant is the registered agent for," and that he responded to the notice "via certified mail . . . conditionally accepting this debt as valid, upon proof of claim." (*Id.*, "Claims" ¶¶ 1–2). Compton further alleges that he responded that "if respondent (defendant) failed to respond in the time allotted, or

acquiescence, then a self executing contract came into play, where defendant agreed to estoppel," and that:

> this self-executing contract stated, in the event of failure to respond, or acquiescence, they agree to pay me damages in the amount of $10,000, as well as $10,000 in damages for any attempt thereafter to collect this debt. Defendant also agreed, by acquiescence, that I have their power of attorney, to bring forth collection of damages, and to file a UCC-1 lien upon them.

(*Id.*, PageID# 1–2, "Claims" ¶ 2). Compton alleges he never received a response. (*Id.*, PageID# 2, "Claims" ¶ 3).

On April 8, 2022, Compton filed a motion to proceed *in forma pauperis*. (R. 2).

Compton's motion to proceed *in forma pauperis* in the case is granted, but for the reasons stated below, his complaint is dismissed.

## II. Standard of Review

District courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

To survive dismissal under § 1915(e)(2)(B) for failure to state a claim, an *in forma pauperis* complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470–71 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

"The factual allegations in the complaint need to be sufficient to give notice to the

defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. Discussion

Upon review, the Court finds that Compton's complaint must be dismissed.

First, Compton has no plausible claim or cause of action under Section 5 of the FTCA as such claims may be brought only by the Federal Trade Commission itself. "Courts have uniformly held that a private right of action does not exist under § 5 of the FTCA." *Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000) (collecting cases); *see also FTC v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458, 464 (6th Cir. 1988) ("[Intervenor-appellant] may not, as a private party, invoke the jurisdiction of the federal courts to enforce the Federal Trade Commission Act. Congress has clearly limited the invocation of jurisdiction under the FTC Act to the Commission itself." (*citing Alfred Dunhill, Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974))).

Second, Compton's allegations fail to state a plausible claim under the FDCPA. Congress enacted the FDCPA to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The statute is "extraordinarily broad" and was intended to remedy what Congress "considered to be a widespread problem." *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). Interpreting the FDCPA "begin[s] with the language of the statute itself," and a court "must consider the language and design of the statute as a whole as well as the specific provision at issue." *Schroyer v. Frankel*, 197 F.3d 1170, 1174

(6th Cir. 1999).

Compton has not identified a specific provision or provisions of the FDCPA that CT Corporation allegedly violated or that provide for the remedy Compton seeks. Although *pro se* complaints are liberally construed and held to "less stringent standards" than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure unpleaded facts or construct claims for them. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (second alteration in original) (internal quotation marks omitted)); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal and stating that "[n]either this court nor the district court is required to create [plaintiff-appellant's] claim for her"); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, 565 U.S. 966 (2011).

The Court is not required to speculate as to or construct Compton's FDCPA claim for him. Compton's complaint, failing to identify a provision of the FDCPA that he contends was violated and provides him the remedy he seeks, does not state a plausible claim upon which he may be granted relief.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                         s/ *David A. Ruiz*
                                                        David A. Ruiz
                                                        United States District Judge

Date: November 17, 2022